# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUETZAL CONTRERAZ,<br><br>          Plaintiff,<br><br>   v.<br><br>ADAMS, et. al.,<br><br>          Defendants.<br>_____/ | CV F   04 6039 REC LJO P<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1. )<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Quetzal Contreraz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on July 5, 2004, naming Derral Adams, Darrow Hetebrink, Michael Raymond and Does 1 through 25 as Defendants.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The Complaint alleges that Plaintiff, a member of the Olin Pyramid religion and Native American, has been denied exemption from the grooming standards for prisoners within the California Department of Corrections.  Plaintiff states that he has been required to shave his face numerous times although his religion requires he wear a goatee.  Plaintiff contends he has suffered disciplinary sanctions for violation of grooming standards which include solitary confinement, less privileges, and adverse review at his parole consideration hearings.  Plaintiff states that he requested exemption from the American Indian Chaplain, Defendant Raymond who denied his request because Plaintiff could not produce a letter from his tribe indicating that the religion required practitioners to wear facial hair.   Plaintiff states that Defendant Raymond refused to examine his religious scripture indicating that a goatee was required.

Plaintiff further alleges that he contacted the protestant Chaplain, Defendant Hetebrink for exemption as well but he too refused to examine Plaintiff's scripture.  Plaintiff alleges that all Defendants, Warden Adams, Chaplains Hetebrink and Raymond and Does 1 through 25 allow other religions, such as Muslims, to bear religious facial hair and eat a religious diet based on scripture.  Plaintiff alleges that as a result, he cannot practice or express his religion in the most fundamental way as he is not allowed to do the same.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

2. Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.

Although Plaintiff alleges that other religions are exempted from the grooming policies and are given their religious diets, Plaintiff has alleged no specific facts demonstrating that any of the named Defendants acted with intentional discrimination against Plaintiff. The Court notes further that although the Complaint names Warden Andrews and Does 1 through 25 as Defendants, Plaintiff provides no facts establishing a link to any alleged unconstitutional conduct.

**D.  CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E.  ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend.  Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   November 18, 2005**                    **/s/ Lawrence J. O'Neill**
b9ed48                                             UNITED STATES MAGISTRATE JUDGE