UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUETZAL CONTRERAZ,         ) | 1:04-CV-6039 AWI LJO P |
| )  | |
| Plaintiff,         ) | THIRD ORDER GRANTING |
| )  | EXTENSION OF TIME |
| v.         ) | |
| )  | (DOCUMENT #18) |
| D. ADAMS, et al.,         ) | |
| )  | |
| Defendants.         ) | |
| _____)  | |

    Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2006, plaintiff filed his third motion to extend time to file an amended complaint. Plaintiff states that he has discovered additional documents and defendants to add to his complaint. Plaintiff is informed that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the Plaintiff is only required to state a prima facie claim for relief.

    Similarly, to the extent that Plaintiff is seeking to add new defendants and claims, he should be aware that he may not include events and defendants concerning issues that have occurred after the initiation of this action on July 30, 2004.          Pursuant to the Prison Litigation Reform Act

1  ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.
2  § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional
3  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
4  The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life.
5  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative
6  process, regardless of the relief sought by the prisoner and regardless of the relief offered by the
7  process, as long as the administrative process can provide some sort of relief on the complaint stated.
8  Booth v. Churner, 532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those
9  remedies need not meet federal standards, nor must they be 'plain, speedy, and effective." ' Porter,
10 534 U.S. at 524 (*citing* Booth, 532 U.S. at 739 n. 5).  ***Exhaustion must occur prior to filing suit***.
11 McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002) (emphasis added).  Plaintiff may not
12 exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.  Thus, any inclusion of claims
13 and defendants that have occurred after the filing of this action are necessary unexhausted under
14 Section 1997e(a) and require dismissal.
15        Good cause having been presented to the court and GOOD CAUSE APPEARING
16 THEREFOR, IT IS HEREBY ORDERED that:
17        Plaintiff is granted **THIRTY DAYS** from the date of service of this order in which to file his
18 amended complaint.  Plaintiff is forewarned that no further extensions will be granted but upon a
19 showing of extremely good cause.
20 IT IS SO ORDERED.
21 **Dated:    July 6, 2006**                    **/s/ Lawrence J. O'Neill**
   b6edp0                                        UNITED STATES MAGISTRATE JUDGE