1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

QUETZAL CONTRERAZ,                           CV F   04 6039 REC LJO P

              Plaintiff,

                                ORDER DISMISSING AMENDED
   v.                                                        COMPLAINT WITH LEAVE TO AMEND
                                (Doc. 21. )

ADAMS, et. al.,

              Defendants.

_____/

     Quetzal Contreraz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on July 5, 2004.  On November 22, 2005, the Court dismissed Plaintiff's complaint with leave to amend.  Subsequent to being granted multiple extensions, Plaintiff filed his first amended complaint on August 22, 2006.

**A.  Screening Requirement**

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

2      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

3  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

4  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

5  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

6  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

7  complaint under this standard, the court must accept as true the allegations of the complaint in

8  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

9  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

10 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11 **B.  Summary of Plaintiff's First Amended Complaint**

12     Plaintiff's first amended complaint is 323 pages in length – 110 pages of pleading and

13 213 pages of exhibits.  Plaintiff names sixteen defendants – to wit: Warden, Derral Adams;

14 Protestant Chaplain, Darrow Hetebrink; Native American Chaplain, Michael Raymond;

15 Community Resource Managers, Bruce M. Gomez & D.R. Mitchell; Correctional Counselor II &

16 Appeals Coordinators, F.S. Cote & Doris Duvall; Correctional Counselor II & Appeals

17 Investigators, R. Shannon & D. Arline; Staff Services Manager I, M. Galaza; Chief of Inmate

18 Appeals, Linda L. Rianda; Sergeants P. Flores & V. Black; and correctional "employees," D.

19 Orth, R. Shannon, & D. Arline.

20     The Court encountered a number of difficulties upon screening this voluminous and

21 convoluted first amended complaint.  Plaintiff presents some eighty-two pages of factual events

22 followed by fourteen pages delineating his three causes of action.  In his causes of action,

23 Plaintiff refers back to all of the preceding pages of factual events and fails to specifically name

24 which defendants he feels violated which of his constitutional rights.

25     In general, the first amended complaint alleges that Plaintiff, a member of the "Olin

26 Pyramid" religion and Native American, has been denied both religious dietary modifications and

27 exemption from the grooming standards for prisoners within the California Department of

28 Corrections.  Plaintiff states that he has been required to shave his face numerous times although

his religion requires him to wear a beard, or goatee.  Plaintiff contends he has suffered

disciplinary sanctions for violation of grooming standards which include solitary confinement,

less privileges, and possible adverse review at future parole consideration hearings.  Plaintiff

states that he requested exemption from the American Indian Chaplain, Defendant Raymond, but

that his request was denied as Plaintiff could not produce a letter from his tribe indicating a facial

hair requirement.  Plaintiff's requests for review of his religious scripture were denied.

Overall, as best as the Court can decipher, Plaintiff alleges that he has been prevented

from practicing his religion, has been denied equal protection of the law, and has been subjected

to cruel and unusual punishment as he has not been allowed to conform to the facial hair and

dietary requirements of his religion.

**C.  Pleading Requirements**

**1.  *Federal Rule of Civil Procedure 8(a)***

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court

may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a

plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

(9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

.'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

1   essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin.,

2   122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

3   1982)).

4        Plaintiff's first amended complaint violates Rule 8(a) as it fails to contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ."

6        **2.  *Federal Rule of Civil Procedure 18***

7        "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

8   relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

9   independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

10  against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A

11  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

12  claims against different defendants belong in different suits, not only to prevent the sort of

13  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

14  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

15  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

16  U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

17       Plaintiff is advised that if he chooses to file a second amended complaint, and fails to

18  comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that

19  are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the

20  future.

21       **3.  *Linkage Requirement***

22       The Civil Rights Act under which this action was filed provides:

23            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
24           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
25           law, suit in equity, or other proper proceeding for redress.

26  42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

27  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

28  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4

(1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff's first amended complaint fails to link any specific defendant with a specific constitutional violation.  As noted above, the complaint consists of a narrative of various events and does not delineate which cause(s) of action Plaintiff alleges against which defendant(s).  The Court provides Plaintiff with the following law that appears to apply to his delineated causes of action.  However, it is Plaintiff's duty to state, and the Court will not guess, which causes of action and their factual basis he is alleging against each named defendant.

**D.  Causes of Action**

### 1.  Plaintiff's First Cause of Action – Freedom of Religion

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., Amend. I.  Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987).  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060 (1948)).  "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).  "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief  that is

central to religious doctrine.'" Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

"To ensure that courts afford appropriate deference to prison officials, . . . prison regulations alleged to infringe constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." O'Lone, 382 U.S. at 349.  Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).  First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one." Id.  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates." Id. at 90 (internal quotations and citation omitted). A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally." Id.  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Id.

Prisoners are not required to "objectively show that a central tenet of [their] faith is burdened" in order to raise a viable free exercise claim. Shakur v. Schriro, 514 F.3d 878, 884 (9th Cir. 2008).  Rather, the belief must be both "'sincerely held'" and "'rooted in religious belief.'" Id. (citing to and quoting Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (quoting Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981))).

### 2. Plaintiff's Second Cause of Action – Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208

F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal

Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia,

775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that

show that an individual was personally involved in the deprivation of his civil rights."  Barren at

1194.

### 3. Plaintiff's Third Cause of Action – Cruel & Unusual Punishment

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual

Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8

(1992).  "The objective component of an Eighth Amendment claim is . . . contextual and

responsive to contemporary standards of decency."  Id. (quotations and citations omitted).

"[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

confinement claim," and "deliberate indifference to medical needs" violates the Eighth

Amendment "only if those needs are 'serious.'"  Id. at 9 (citation omitted).  With respect to these

types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay

for their offenses against society, only those deprivations denying the minimal civilized measure

of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."

Id. at 9 (quotations and citations omitted).  With respect to excessive force claims, however, the

malicious and sadistic use of force to cause harm *always* violates contemporary standards of

decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v.

Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines

de minimis uses of force, not de minimis injuries)).

### 4. Supervisor Liability

Plaintiff has named the following supervisory personnel as defendants in this action:

Warden, Derral Adams; Protestant Chaplain, Darrow Hetebrink; Native American Chaplain,

Michael Raymond; Community Resource Managers, Bruce M. Gomez & D.R. Mitchell;

Correctional Counselor II & Appeals Coordinators, F.S. Cote & Doris Duvall; Correctional

Counselor II & Appeals Investigators, R. Shannon & D. Arline; Staff Services Manager I, M.

Galaza; Chief of Inmate Appeals, Linda L. Rianda; and Sergeants P. Flores & V. Black.

1   Supervisory personnel are generally not liable under section 1983 for the actions of their

2   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

3   supervisorial position, the causal link between him and the claimed constitutional violation must

4   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

5   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim

6   for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some

7   facts that would support a claim that supervisory defendants either: personally participated in the

8   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

9   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

10  of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v.

11  Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d

12  1040, 1045 (9th Cir. 1989).

13  Additionally, the argument that anyone who knows about a violation of the Constitution,

14  and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause

15  or participate in the violations are responsible. Ruling against a prisoner on an administrative

16  complaint does not cause or contribute to the violation. A guard who stands and watches while

17  another guard beats a prisoner violates the Constitution; a guard who rejects an administrative

18  complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-

19  10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v.

20  McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th

21  Cir.1996).

22  Although federal pleading standards are broad, some facts must be alleged to support

23  claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

24  (1993).

25  **E.  CONCLUSION**

26  For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with

27  leave to file a second amended complaint within thirty days.  If Plaintiff needs an extension of

28  time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later

1   than thirty days from the date of service of this order.

2       Plaintiff must demonstrate in his second amended complaint how the conditions

3   complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v.

4   Cassidy, 625 F.2d 227 (9th Cir. 1980).  The second amended complaint must allege in specific

5   terms how each named defendant is involved.  There can be no liability under section 1983

6   unless there is some affirmative link or connection between a defendant's actions and the

7   claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

8   (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

9       Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

10  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

11  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

12  against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A

13  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

14  claims against different defendants belong in different suits, not only to prevent the sort of

15  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

16  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

17  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

18  U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

19      Plaintiff is advised that it is inappropriate to attach exhibits to a complaint.  See Rule 8,

20  Federal Rules of Civil Procedure.  Further, the Court cannot serve as a repository for the parties'

21  evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

22  should not be submitted until the course of litigation brings the evidence into question (for

23  example, on a motion for summary judgment, at trial, or when requested by the court).  At this

24  point, the submission of evidence is premature as Plaintiff is only required to state a prima facie

25  claim for relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon

26  which he alleges each defendant has violated his constitutional rights and refrain from submitting

27  exhibits.

28      Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

9

complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files his second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's second amended complaint, should he choose to file one, must be clearly and boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's amended complaint is dismissed, with leave to amend;

2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the court in this order; and

4.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

 **Dated:    June 11, 2008**              _____/s/ **Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE