IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUETZAL CONTRERAZ, | 1:04-cv-06039-LJO-GSA-PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS (Doc. 29) |
| vs. | |
| ADAMS, et al., | ORDER GRANTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | |
| | ORDER DENYING APPOINTMENT OF COUNSEL |
| | ORDER DENYING COURT ORDER FOR ACCESS TO LAW LIBRARY AND AN INK PEN |
| | FORTY-FIVE DAY DEADLINE |

Quetzal Contreraz ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Plaintiff filed this action on July 30, 2004. (Doc. 1.) On November 22, 2005, the court dismissed plaintiff's complaint with leave to amend. (Doc. 7.) After numerous extensions of time, plaintiff filed an amended complaint on August 22, 2006. (Doc. 21.) On June 11, 2008, the court dismissed plaintiff's amended complaint for failure to state a claim, with leave to file a second amended complaint. (Doc. 26.) Six months later, plaintiff has not filed a second amended complaint.

1

On October 17, 2008, findings and recommendations were entered, recommending that this action be dismissed based on plaintiff's failure to state a claim upon which relief may be granted, due to the dismissal of the complaint on June 11, 2008 and plaintiff's failure to amend the complaint. (Doc. 29.)   On November 20, 2008, plaintiff filed objections, stating he was unable to file a second amended complaint or even respond to the court's order because of inadequate access to the law library and lack of writing materials. (Doc. 30.)  Plaintiff requests additional time to respond to the court's order.  He also requests appointment of counsel and a court order for access to the prison law library and an ink pen.

Based on plaintiff's statements describing difficulties and delays at the prison, the findings and recommendations shall be vacated and plaintiff shall be granted a forty-five day extension of time to file a second amended complaint.  However, plaintiff is advised that the second amended complaint must comply with Rule 8(a)'s simplified pleading standard.  Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . " Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id.  Plaintiff's first amended complaint, filed August 22, 2006, was 323 pages in length -- 110 pages of pleading and 213 pages of exhibits.  (Doc. 21.)  Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).

With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence.  If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), plaintiff will have the opportunity at that time to submit his evidence.

///

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. In the present case, the court does not find the required exceptional circumstances. See Id. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, plaintiff's request for the appointment of counsel shall be denied.

Plaintiff has also requested a court order providing greater access to the law library and an ink pen. With regard to a court order directing the prison to change its procedures as they apply to plaintiff, the court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970)). Accordingly, the court shall defer to the prison's policies and practices in granting access to the law library and issuing pens. Moreover, because such an order would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue the order sought by plaintiff. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. AMS. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Moreover, plaintiff apparently has access to writing materials, as he has successfully filed objections and requests for extension of time in this action. Therefore, plaintiff's request shall be denied.

///

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on October 17, 2008, are VACATED;
2. Plaintiff's request for additional time to comply with the court's order is GRANTED, and plaintiff shall file a second amended complaint within forty-five days of the date of service of this order, pursuant to the court's order of June 11, 2008;
3. Plaintiff's request for appointment of counsel is DENIED;
4. Plaintiff's request for a court order to provide greater access to the law library and an ink pen is DENIED;
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed; and
6. No other extensions of time shall be granted without a showing of good cause.

IT IS SO ORDERED.

**Dated:   December 5, 2008**               /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE

4