UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUETZAL CONTRERAZ,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>    Defendants. | 1:04-cv-06039-LJO-GSA-PC<br><br>ORDER DENYING MOTION FOR COURT ORDER DIRECTING PRISON OFFICIALS TO RETURN PLAINTIFF'S LEGAL MATERIALS<br>(Doc. 65.)<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF DEFENDANT ADAMS' MOTION TO DISMISS<br>(Doc. 44.)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS<br><br>FORTY-FIVE DAY DEADLINE |

    Quetzal Contreraz ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 30, 2004. (Doc. 1.)

    On April 26, 2011, in response to the Court's order of April 8, 2011, Plaintiff filed a declaration explaining the reasons for his delay in filing a response to Defendant Adams' motion to dismiss filed on May 17, 2010. (Doc. 65.) In the declaration, Plaintiff documents his efforts, since his detention in administrative segregation ("Ad-Seg") on June 18, 2010, to gain possession of the legal materials he needs to prepare a response to the motion to dismiss. Plaintiff also brings a motion for a court order directing prison officials to expedite his possession of the legal materials.

1

The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970). Accordingly, the Court shall defer to the prison's policies and practices in granting Plaintiff access to his property while he is retained in Ad-Seg. However, Plaintiff shall be granted additional time in which to file his response to the motion to dismiss.

Plaintiff indicates in his declaration that he could begin preparing his response to the motion to dismiss if he had a copy of the motion to dismiss. The Court shall direct the Clerk to send Plaintiff a copy of the motion to dismiss.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court order directing prison officials to return his legal materials is DENIED;
2. Plaintiff is GRANTED forty-five days from the date of service of this order in which to file a response to Defendant Adams' motion to dismiss of May 17, 2010; and
3. The Clerk of Court is DIRECTED to send Plaintiff a copy of Defendant's motion to dismiss (Doc. 44).

IT IS SO ORDERED.

Dated:   **April 27, 2011**            **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

2