IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUETZAL CONTRERAZ, | ) | 1:04-cv-06039-LJO-GSA-PC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER |
| vs. | ) ) ) | |
| D. ADAMS, et al., | ) ) | OBJECTIONS, IF ANY, DUE IN 30 DAYS |
| Defendants. | ) ) ) | |

## I.    BACKGROUND

Quetzal Contreraz ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 30, 2004. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on January 22, 2009, against defendants Derral Adams, Michael Raymond, and Darrow Hetebrink, on Plaintiff's claims for violation his right to Free Exercise under the First Amendment, and his right to Equal Protection under the Fourteenth Amendment, for denying Plaintiff a religious diet, the right to wear facial hair, and accommodations to perform a full moon ritual, consistent with religious tenets of the Olin Pyramid Religion. (Doc. 32.)

On April 27, 2011, the Court issued an order requiring Plaintiff to file a response to defendant Adams' motion to dismiss within forty-five days. (Doc. 66.) The forty-five day time period has passed, and Plaintiff has not filed a response to the motion to dismiss or otherwise responded to the Court's order.

1

## II. DISMISSAL OF ACTION FOR FAILURE TO COMPLY

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for more than six years. Defendant Adams' motion to dismiss was filed more than a year ago, on May 17, 2010,[1] and Plaintiff has not filed a response despite six extensions of time spanning more than a year. (Doc. 44.) Plaintiff's opposition was due within twenty-one days. Local Rule 230. On July 14, 2010, Plaintiff requested a thirty-day extension of time, which was granted on July 16, 2010. (Docs. 45, 46.) On August 23, 2010, Plaintiff requested a second thirty-day extension of time, which was granted on August 26, 2010. (Docs. 48, 49.) On October 6, 2010, the Court granted Plaintiff a third extension of time for forty-five days. (Doc. 51.) On December 3, 2010, Plaintiff requested a fourth extension of time, and on December 15, 2010, the Court granted Plaintiff a sixty-day extension of time. (Docs. 55, 57.) On February 23, 2011, Plaintiff filed a request for a fifth extension of time, and on February 25, 2011, the Court granted Plaintiff a thirty-day extension of time. (Docs. 59, 60.)

On April 5, 2011, Plaintiff requested a sixth extension of time. (Doc. 64.) On April 8, 2011, the Court issued an order for Plaintiff to show cause why this action should not be dismissed for Plaintiff's delay in opposing the motion to dismiss. (Doc. 64.) On April 26, 2011, Plaintiff filed a response to the Court's order, asserting that he lacks access to some of his legal materials while housed in administrative segregation, and his efforts to recover the materials from prison officials have been unsuccessful. (Doc. 65.) Plaintiff indicated that he could begin preparing his response to the motion to dismiss if he had a

---

[1] On November 2, 2010, defendant Hetebrink joined defendant Adams' motion to dismiss. (Doc. 54.)

copy of the motion to dismiss. Id. On April 27, 2011, the Court sent Plaintiff a copy of the motion to dismiss and granted him a forty-five day extension of time in which to file a response. (Doc. 66.) The forty-five day period has now expired, and Plaintiff has not file a response or otherwise responded to the Court's order.

The Court cannot continue to expend its scarce resources assisting a litigant who will not help himself. The Court finds Plaintiff's assertion that he cannot respond to the motion to dismiss without his legal materials unpersuasive. The motion to dismiss is based on Plaintiff's failure to exhaust administrative remedies with respect to Plaintiff's claims against defendants Adams and Hetebrink. To defend against the motion, Plaintiff must provide evidence that he exhausted the remedies available to him at the prison, before filing this lawsuit. Plaintiff needs only to prepare and file a response explaining his efforts to follow the appeals process at the prison, with supporting evidence. Plaintiff has not indicated that he made any attempt to obtain evidence of his inmate appeals by requesting copies from his prison records. Plaintiff's appeals are part of his prison records, and copies from Plaintiff's prison records are available to Plaintiff upon his request. The motion to dismiss has now been pending for more than a year. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to prosecute his case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

///

3

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY RECOMMENDS** that this action be dismissed without prejudice, based on Plaintiff's failure to obey the Court's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **July 7, 2011**           /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4