# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUETZAL CONTRERAZ, | 1:04-cv-06039-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED |
| v. | |
| D. ADAMS, et al., | (Doc. 44.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

## I. BACKGROUND

Quetzal Contreraz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 15, 2004, at the United States District Court for the Northern District of California. (Doc. 1.) On July 30, 2004, the case was transferred to the Eastern District of California. Id. This action now proceeds on the Second Amended Complaint filed on January 22, 2009, against defendants Warden Derral Adams, Chaplain Michael Raymond, and Chaplain Darrow Hetebrink ("Defendants"), on Plaintiff's claims for violation of his right to Free Exercise under the First Amendment, and violation of his right to Equal Protection under the Fourteenth Amendment, for denying Plaintiff a religious diet, the right to wear facial hair, and accommodations to perform a full moon ritual, consistent with religious tenets of the Olin Pyramid Religion. (Doc. 32.)

On May 17, 2010, defendant Adams filed a motion to dismiss Plaintiff's claims concerning his right to a religious diet and his right to use the prison chapel to perform a full moon ritual, based

on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 44.) On November 2, 2010, defendant Hetebrink joined the motion to dismiss. (Doc. 54.) On July 25, 2011, Plaintiff filed an opposition to the motion.[1] (Doc. 70.) On October 13, 2011, defendants Adams and Hetebrink filed a reply to Plaintiff's opposition. (Doc. 76.) On October 19, 2011, defendant Raymond joined the motion to dismiss and the reply. (Doc. 78.) Defendants' motion to dismiss is now before the Court.

## II.   STATUTORY EXHAUSTION REQUIREMENT

Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt, 315 F.3d at 1119. The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on January 4, 2010. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003); Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). (Doc. 38.)

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

At the time of the events at issue, Plaintiff was a state prisoner at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, and Defendants were employed at SATF. Plaintiff alleges as follows in the Second Amended Complaint. Plaintiff is a Native American who observes the Olin Pyramid Religion. Plaintiff arrived at SATF in May 2001 and thereafter had numerous contacts with defendant Raymond, the Native Spiritual Advisor or Chaplain at the prison, regarding Plaintiff's religious need for facial hair. Plaintiff sought and was denied an exemption from the prison rule that prohibited any kind of facial hair save a brief mustache. Defendant Adams supported defendant Raymond's finding against the exemption, which was based on Plaintiff's inability to provide the required "attestation letter" verifying Plaintiff's religious need for facial hair.

On or about March 23, 2003, Plaintiff wrote to defendant Hetebrink, the Protestant Chaplain at SATF, requesting a religious diet consistent with the tenets of the Olin Pyramid Religion. After consideration, Plaintiff's request was denied, and Plaintiff protested by observing a hunger strike. Plaintiff wrote to defendant Adams about defendant Hetebrink's refusal to accommodate Plaintiff's request for a religious diet, but defendant Adams never responded. Plaintiff offered materials to defendant Hetebrink in an attempt to explain his religion, but Hetebrink refused to look at the materials, stating, "Indians don't have a Bible."

On or about August 10, 2004, Plaintiff wrote to defendant Hetebrink, asking for daytime access to the chapel once a month to perform a full moon ritual in relation to Plaintiff's religious beliefs. Defendant Hetebrink denied the request, stating there was no staff supervision for Plaintiff to perform a ritual once a month in the Chapel. Plaintiff contends there was adequate staff available to accommodate Plaintiff's need.

Plaintiff was punished for having facial hair, lost privileges, was confined to his cell, lost good behavior credits, and was issued a Rules Violation Report which led to the rejection of Plaintiff's right to a parole date by the Board of Parole Hearings Committee. Plaintiff was forced to shave off his facial hair against his will. Plaintiff requests monetary damages.

///

**IV.   MOTION TO DISMISS FOR FAILURE TO EXHAUST**

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-1201.

   **A.   Defendants' Motion**

Defendants argue that Plaintiff's claims for relief based on the denial of his right to a religious diet and right to use the chapel at the prison to perform a full moon ritual, pursuant to his religious beliefs, should be dismissed because Plaintiff failed to exhaust his administrative remedies for those claims before filing suit on July 15, 2004. Defendants submit evidence that there is no record that Plaintiff exhausted his administrative remedies regarding Defendants' denial of Plaintiff's request for a religious diet or his request for chapel access to perform full moon rituals. Between July 2003 and July 2004, records show that Plaintiff filed only one appeal at SATF, Log Number SATF-02-6170, which was accepted for third level review. (Declaration of D. Foston, Doc. 44-1 at ¶4.) Appeal SATF-02-6170 concerned Plaintiff's request for a religious exemption to the grooming standards to allow him to wear a beard or goatee. (Id. at ¶5 & Exh. 1.) Records at SATF show that Plaintiff did not file any appeals at the first or second level of review concerning his allegations that (1) defendants Hetebrink and Adams refused to provide inmate Contreraz (C-45857) with a religious diet consistent with tenets of the Olin Pyramid religion, or (2) defendant Hetebrink denied Contreraz daytime access to the chapel once a month to perform a full moon ritual in relation to his religious beliefs, practices, and requirements. (Declaration of R. Gomez, Doc. 44-2 at ¶5.)

///

**B.     Plaintiff's Opposition**

In opposition, Plaintiff asserts that between 2001 and 2004, he filed formal and informal administrative complaints against the conditions complained of, including six appeals, which is beyond what was required. Plaintiff has submitted copies of documents attached as Exhibits A through H in support of his opposition. Plaintiff also argues that if he failed to exhaust his remedies within the time constraints, it was because he was restricted from filing excess appeals by the prison and faced disciplinary charges if he filed too many appeals.

**C.     Defendants' Reply**

Defendants reply that Plaintiff's opposition, along with his attached exhibits, confirm that he did not exhaust his administrative remedies for denials of his request for a religious diet and request for access to the chapel, before filing this action.

**D.     Discussion**

Defendants have met their burden to demonstrate that Plaintiff failed to exhaust his administrative remedies for his claims concerning a religious diet and access to the chapel, prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff exhausted his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations that he was denied a religious diet and access to the chapel by Defendants. The Court now examines Plaintiff's evidence.

**1.     Plaintiff's Evidence of Appeals**

**(1) Appeal Log Number SATF-01-02708** was submitted on April 24, 2001 and concerned Plaintiff's request for an exemption from the prison's inmate grooming standards. (Opp'n, Doc. 70, Exh. A at 7.) While Plaintiff mentioned regulations about allowing religious expression and religious dietary needs, his only request in this appeal was for an exemption from the grooming standards for facial hair. (Id. at 9, 13, 22-23.) On November 5, 2001, the appeal was denied at the Second Level of review. (Id. at 27.) On January 7, 2008, the appeal was rejected at the Third Level of review as not being submitted within the requisite 15 working days. (Id. at 31.)

///

This appeal does not concern Plaintiff's request for access to the chapel or his request for a religious diet, which are the subject of Defendants' motion to dismiss. Moreover, the appeal was not completed to the Director's Level of review. Therefore, Plaintiff did not exhaust his remedies via Appeal SATF-01-02708 for purposes of Defendants' motion to dismiss.

**(2)** **Appeal with No Assigned Number.** Plaintiff submitted an appeal on September 9, 2001 which was not assigned a log number. This appeal concerned Plaintiff's request to the Property Officer for his religious text from his stored personal property. (Id., Exh. B at 33-36.)

This appeal does not concern Plaintiff's request for access to the chapel or his request for a religious diet, which are the subject of Defendants' motion to dismiss. Moreover, there is no evidence the appeal was completed to the Director's Level of review. Therefore, Plaintiff did not exhaust his remedies via this appeal for purposes of Defendants' motion to dismiss.

**(3)** **Appeal Log Number SATF-02-06170** was submitted on November 26, 2002 and concerned Plaintiff's request not to be sanctioned for wearing facial hair as required by his religion. (Id., Exh. C at 38.) On January 23, 2003, the appeal was denied at the Second Level of review. (Id. at 40-43.) On April 29, 2003, the appeal was denied at the Director's Level of review. (Id. at 44.)

This appeal does not concern Plaintiff's request for access to the chapel or his request for a religious diet, which are the subject of Defendants' motion to dismiss. Therefore, Plaintiff did not exhaust his remedies via Appeal SATF-02-06170 for purposes of Defendants' motion to dismiss.

**(4)** **Appeal Log Number SATF-03-4834** was submitted on September 10, 2003 and concerned Plaintiff's request to be issued his package without having to shave off his religious facial hair, and his request that his property not be disposed of pending final resolution of this appeal. (Id., Exh. E at 50.) On February 23, 2004, this appeal was denied at Second Level of review. (Id. at 52-55.)

This appeal does not concern Plaintiff's request for access to the chapel or his request for a religious diet, which are the subject of Defendants' motion to dismiss. Moreover, there is no evidence the appeal was completed to the Director's Level of review. Therefore, Plaintiff did not exhaust his remedies via this appeal for purposes of Defendants' motion to dismiss.

///

**(5) Appeal with No Assigned Number.** Plaintiff submitted an appeal on September 3, 2004 which was not assigned a log number. This appeal concerned Plaintiff's request to be allowed to perform a full moon ritual once a month in the chapel. (Id., Exh. D at 46.)

Because this appeal was initially submitted for review on September 3, 2004, which is *after* Plaintiff's lawsuit was filed on July 15, 2004, Plaintiff could not have exhausted his remedies via this appeal *before* filing suit, in compliance with § 1997e(a). Therefore, Plaintiff did not exhaust his remedies in this action via this appeal for purposes of Defendants' motion to dismiss.

**(6) Appeal Log Number SATF-07-0504** was submitted on January 22, 2007 and concerned Plaintiff's complaint that there is no American Indian chaplain at the prison. (Id., Exh. H at 84.) On April 3, 2007, the appeal was partially granted at Second Level of review. (Id. at 88.)

This appeal does not concern Plaintiff's request for access to the chapel or his request for a religious diet, which are the subject of Defendants' motion to dismiss. Moreover, there is no evidence the appeal was completed to the Director's Level of review. Therefore, Plaintiff did not exhaust his remedies via this appeal for purposes of Defendants' motion to dismiss.

## 2. Plaintiff's Evidence of Other Administrative Complaints

Plaintiff submits evidence of four Inmate Requests for Interview, and two letters to the Warden, concerning his need for a liquid diet for religious reasons. He also sent letters to the Director of Corrections and Secretary Roderick Hickman, concerning inmate grooming standards restricting the wearing of facial hair.

Plaintiff's Inmate Requests for Interview and letters to the Warden, the Director of Corrections, and Secretary Roderick Hickman neither excused Plaintiff's failure to properly submit appeals, nor relieved him from proceeding through all the steps in the grievance process. See Woodford, 548 U.S. at 91, 93 (exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules"); Wilson v. Wann, No. CIV S-06-1629 GEB KJM P, 2008 WL 4166886, at *2 (E.D.Cal. Sept.8, 2008) (plaintiff's letters to the Office of the Inspector General, Office of Internal Affairs and the Warden were insufficient to show exhaustion). Therefore, Plaintiff did not exhaust his administrative remedies via his Inmate Requests for Interview and letters to officials.

### 3.  Plaintiff's Argument that Remedies were Unavailable

Prisoners are required to exhaust the *available* administrative remedies prior to filing suit. Jones, 549 U.S. at 211, 127 S.Ct. at 918-19 (emphasis added). Plaintiff argues that if he failed to exhaust his remedies within the requisite time constraints, it was because he was restricted from filing excess appeals by the prison and faced disciplinary charges if he filed too many appeals. Plaintiff admits that in the past, he filed excess appeals, which resulted in a restriction from submitting more than one non-emergency appeal within a seven-calendar day period. (Opp'n, Doc. 70, Exh. D at 48.)

Plaintiff has not supported this argument with any evidence that the restriction prevented him from exhausting remedies in this case for any of the claims at issue in the motion to dismiss. Therefore, this argument fails.

### 4.  Evidence Beyond the Pleadings

In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the original Complaint, First Amended Complaint, and Second Amended Complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his verified complaints. The court has examined Plaintiff's complaints and while Plaintiff asserts that he filed several appeals, the court finds no further evidence of exhaustion of the available remedies with regard to Plaintiff's claims at issue in Defendants' motion to dismiss.

## V.  CONCLUSION AND RECOMMENDATION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his administrative remedies with regard to his claims that Defendants violated his First Amendment rights when they denied Plaintiff's request for access to the chapel and Plaintiff's request for a religious diet, prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff exhausted his remedies for the aforementioned claims by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning certain allegations in the complaint against Defendant in this action. Plaintiff has

///

not submitted evidence of any appeals that satisfy the exhaustion requirement, nor has Plaintiff submitted evidence that he exhausted all of the remedies available to him.

Therefore, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Defendants' motion to dismiss, filed on May 23, 2011, be GRANTED;
2. Plaintiff's claims that Defendants violated his First Amendment rights when they denied Plaintiff's request for a religious diet and denied Plaintiff's request for chapel access to perform full moon rituals be DISMISSED from this action, based on Plaintiff's failure to exhaust administrative remedies before filing suit;
3. Defendant Hetebrink be DISMISSED from this action, based on Plaintiff's failure to exhaust administrative remedies for the claims against him before filing suit; and
4. This action proceed only against defendants Raymond and Adams, on Plaintiff's claims for violation of the Free Exercise Clause of the First Amendment based on the denial of Plaintiff's request for an exemption from the prison's inmate grooming standards for religious reasons.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within **thirty (30) days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within **ten (10) days** after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 21, 2012**          /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE